813 F.2d 1227
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William S. DOUGLAS, Jr., Appellant,
Najma Records, Inc., Plaintiff,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC
TRANSPORTATION; Walker P. Ragin, Officially of
South Carolina Department of Highways
and Public Transportation, Appellees,
U.S. Small Business Administration; John Patrick Jr.;
United States Department of Transportation;
Elizabeth Dole; Spartanburg County, a
political subdivision, Defendants.
 No. 86-2510.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1987.
Decided March 11, 1987.
 
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Fletcher N. Smith, Jr., on brief, for appellant.
 Victor S. Evans, Jr., T. Sam Means, Jr., on brief, for appellees.
 PER CURIAM:
 
 
 1
 William S. Douglas appeals the entry of summary judgment against him, challenging the district court's denial of leave to amend his complaint. Douglas sought an amendment to allege a new cause of action based on discrimination and to add two defendants to his suit against the South Carolina Department of Highways and Public Transportation. The sole issue on appeal is whether the district court abused its discretion in denying Douglas' motion to amend. See Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321 (1971). The district court will be affirmed because we find no abuse of discretion.
 
 
 2
 When determining whether to permit amendment, the court may consider futility as a basis for denial. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir.) (when proposed amendment is clearly futile, denial is proper), cert. dismissed, 448 U.S. 911 (1980). Douglas was given several opportunities to present new information discovered since filing his complaint that would warrant adding two defendants or support his new claim of discrimination. At the hearing for his motion to amend and at the hearing for summary judgment, Douglas was unable to present any evidence to support his amendment. The district court properly denied leave to amend on the basis of futility.
 
 
 3
 As we find no abuse of discretion, we affirm the judgment of the district court. Because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, we dispense with oral argument.
 
 
 4
 AFFIRMED.